IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIKE COOK, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 13-952 |
| | : | |
| LT. J. BENDER, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S. J.                                                                                                   May 6, 2014

      The defendants, Jeffrey Bender, Patrick Curran and Michael Wenerowicz filed a Motion for Summary Judgment on April 4, 2014. As of the date of this opinion and order, no response has been filed to that motion.

      The undisputed facts are as follows:

      1.      Plaintiff, Mike Cook, is an inmate in Pennsylvania Department of Corrections ("DOC") custody serving a life sentence for conspiracy and first degree homicide.

      2.      Plaintiff has been incarcerated at the State Correctional Institution at Graterford ("SCI Graterford") on his current sentence since approximately

      3.      On June 2, 2012, plaintiff was transferred from the Restricted Housing Unit ("RHU") to a Psychiatric Observation Cell ("POC") for observation purposes.

      4.      Defendant Bender packed plaintiff's inmate property for his move to the POC.

      5.      Plaintiff was present when his property was being packed.

      6.      Defendant Bender packed everything that plaintiff handed to him in a plastic bag.

7. Plaintiff claims his property consisted of magazines, pictures and legal material.

8. Defendant Curran was aware that plaintiff's property came to the Property Room from the RHU and had been inventoried by Defendant Bender, but does not know who processed the property.

9. On June 3, 2012, plaintiff filed a grievance (No. 415444) claiming that the Sergeant in the property room said that the RHU lost his property and that he needed his legal work to file his appeal.

10. On June 28, 2012, Defendant Bender denied plaintiff's grievance because his property had been placed in the Property Room.

11. On August 3, 2012, the initial decision was remanded for a revised response.

12. On October 2, 2012, Defendant Bender again denied the grievance attaching a copy of the property sheet which indicated there was 1 manila envelope of legal work in the property bag that was packed before plaintiff's move from the RHU to the POC.

13. On October 10, 2012, plaintiff filed a grievance appeal to Defendant Wenerowicz claiming that Defendants Bender and Curran falsified the property receipt.

14. On November 7, 2012, Defendant Wenerowicz denied plaintiff's grievance appeal because the records showed that his property had been packed and turned into the Property Office.

15. On December 9, 2012, plaintiff filed a final level grievance appeal.

16. On November 20, 2012, the final level grievance appeal was denied.

17. Plaintiff claims that the lost legal material consisted of approximately six items including legal briefs from formal appeals and a letter from the court.

18. Librarian Philip Ephraim was assisting plaintiff in preparing his current appeal on newly discovered evidence.

19. On March 22, 2012, plaintiff, who was still in the RHU, gave Ephraim permission to look through his legal papers stored in the Property Room to identify what legal papers and newly discovered evidence he needed for his current appeal.

20. At plaintiff's request, Defendant Bender called Defendant Curran to permit Ephraim to retrieve legal work from his property stored in the Property Room.

21. On March 23, 2012, Ephraim sent plaintiff a note requesting a list of the newly discovered evidence.

22. On March 23, 2012, Ephraim went to the Property Room, made a list of the legal papers and newly discovered evidence he believed were relevant to prepare plaintiff's current appeal, returned to the RHU and had plaintiff sign-off on the list.

23. Defendant Curran recalls that a librarian came to the Property Room to look through plaintiff's property for legal work.

24. Also on March 23, 2012, Ephraim faxed these legal papers to the paralegal in DOC Central Office and delivered the papers to plaintiff in the RHU.

25. Plaintiff claims that he used these legal briefs as a tool for finding an issue for his current appeal on newly discovered evidence.

26. Plaintiff claims that the last time he saw these briefs was when he was in the RHU.

27. Defendant Bender denies that either he or Defendant Curran fabricated a property receipt or threw out plaintiff's legal materials.

28.     Plaintiff admits that the loss of these legal materials did not affect his ability to file his current appeal and that he was able to state his arguments in that appeal.

29.     Plaintiff admits that he filed his current appeal before the loss of the legal materials.

30.     Plaintiff does not know when his current appeal was filed.

31.     Plaintiff claims that he would have used these legal materials in order to supplement his arguments and find loopholes for his current appeal.

32.     Plaintiff admits that Defendant Wenerowicz was not personally involved in this matter and named him because he is the superintendent and denied his grievance.

Based on the above facts, it is clear that plaintiff cannot show that any of the defendants violated his right of access to the courts.

Primarily, those facts reveal that the loss of legal materials belonging to plaintiff did not affect his ability to file his current appeal and that he was able to state his newly discovered evidence arguments.

The motion for summary judgment will be granted.